**Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 02-2161

IN RE: ANDREW J. KEHOE AND CATHERINE M. KEHOE,
Debtors.

NORMAN NOVINSKY,

Appellee,

v.

ANDREW J. KEHOE AND CATHERINE M. KEHOE,

Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

Before

Boudin, Chief Judge,
Lipez and Howard, Circuit Judges.

Brian J. Kelly, with whom Roland Orlandi was on brief for appellants.
A. Neil Hartzell, with whom David J. Hatem, Adam P. Whitney, and Donovan Hatem LLP, were on brief for appellee.

May 22, 2003

**Per Curiam**.  The appellants in this case, Andrew and Catherine Kehoe, appeal from the district court's denial of their Rule 60(b)(1) motion to vacate a judgment of dismissal on the basis of excusable neglect.  The Kehoes' travels through the federal courts began with their bankruptcy proceedings.  After the U.S. Bankruptcy Court granted Norman Novinsky's application for reimbursement of legal fees for services rendered during the Kehoes' bankruptcy proceeding, the Kehoes appealed to the District Court of Massachusetts.  After the district court dismissed their appeal on November 10, 1999, on the ground that the Bankruptcy Court's order was not an appealable final order, the Kehoes appealed to this court.  After granting a series of extensions before oral argument, we vacated the dismissal on July 2, 2001, and remanded the case to the district court for continued proceedings.

On August 30, 2001, the district court ordered a status conference to be held on October 22, 2001.  The court sent notice of this conference to counsel of record.  After neither the Kehoes nor their counsel appeared at the conference, the court dismissed the case on October 24, 2001.  The Kehoes took no further action until August 13, 2002, nearly ten months after the dismissal, when they filed a motion pursuant to Fed. R. Civ. P. 60(b)(1) to vacate the judgment of dismissal.  The District Court denied the motion, and the Kehoes now appeal.

The decision to grant relief from judgment under Rule 60(b) is committed to the sound discretion of the district court. We reverse only if there has been an abuse of that discretion. Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 100 (1st Cir. 2003). The Kehoes argue that they never received the notice of the scheduling conference from the district court, and they cite their status as pro se plaintiffs. Yet the Kehoes never informed the clerk's office that they would be representing themselves. Additionally, the Kehoes were aware that they had won their first appeal to this court in July 2001, yet they waited more than a year before inquiring into the status of their suit on remand. They offered no explanation for this delay to the district court. While no single factor is determinative of the 60(b)(1) issue, the aggregation of relevant factors confirms that the district court did not abuse its discretion in denying the motion for 60(b)(1) relief.

**Affirmed.**